John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MONTANA - BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; GALLATIN WILDLIFE ASSOCIATION, <br><br> *Plaintiffs,* <br> vs. <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC <br><br> *Defendant.* | Case No. CV-21-93-BU-BMM-JTJ <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

# INTRODUCTION

1.  Defendant Yellowstone Mountain Club is violating the Clean Water Act by directly discharging nitrogen pollution into the South Fork of the Gallatin River without a National Pollutant Discharge Elimination System ("NPDES") permit.

2.  "To establish a violation of the CWA, 'a plaintiff must prove that defendants (1) discharged, i.e., added (2) a pollutant (3) to navigable waters (4) from (5) a point source.'" *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1083 (9th Cir. 2019) (citation omitted).

3.  The Clean Water Act "forbids 'any addition' of any pollutant from 'any point source' to 'navigable waters' without" a NPDES permit. *Cty. of Maui, Hawaii v. Haw. Wildlife Fund*, 140 S. Ct. 1462, 1465 (2020) (citations omitted).

4.  The CWA defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

5.  Nitrates + Nitrites as Nitrogen and Total Nitrogen are pollutants that are regulated under the Clean Water Act.

6.  "Point source" is defined as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." *Id.* § 1362(14).

7. Defendant Yellowstone Mountain Club is adding Nitrates + Nitrites as Nitrogen and Total Nitrogen through a discernible, confined, and discrete channel into the South Fork of the West Fork of the Gallatin River.

8. The GPS location of the discrete point source conveyance is: 45.23885, - 111.38262.

9. The South Fork of the West Fork of the Gallatin River is a navigable water.

10. Excess nitrogen causes algae blooms in rivers and streams.

11. Algae blooms harm aquatic ecosystems.

12. Defendant's unlawful discharge is causing significant long term harm to the water quality of the South Fork of the West Fork of the Gallatin River and the Gallatin River itself.

13. The South Fork, West Fork, and the Gallatin River below the West Fork, experienced significant algae blooms during the summer of 2020.

14. Defendants' continuous violations of the Clean Water Act harm Plaintiffs' aesthetic, recreational, conservation, and scientific interests in the Gallatin River and its tributaries, including the West Fork.

15. Section 303(d) of the Federal Clean Water Act, and Title 40 part 130 of the Code of Federal Regulations requires each state to develop a list of waters that do not meet water quality standards (i.e., which do not fully support their beneficial uses).

16. The MT Department of Environmental Quality placed the South Fork of

the West Fork of the Gallatin River on the 303(d) list because of Nitrate + Nitrite as N.

17. Defendant is directly discharging Nitrate + Nitrite as N into the South Fork of the West Fork of the Gallatin River.

18. The unlawful discharge harms plaintiffs' members' aesthetic, recreational, conservation, and scientific interests in the water quality, aquatic species, and the health of the Gallatin River watershed, including the West Fork of the Gallatin River.

19. The unlawful discharge causes environmental harm to the South Fork of the West Fork of the Gallatin River, and the Gallatin River generally.

20. Plaintiffs seek declaratory and injunctive relief prohibiting Defendants from accepting new sewer connections at the Yellowstone Mountain Club wastewater treatment plant until it has been shown that Defendants will not continue to unlawfully discharge nitrogen pollution into the South Fork of the West Fork of the Gallatin River.

## JURISDICTION AND VENUE

21. This court has subject matter jurisdiction over the claims for violations of the CWA set forth in this Complaint pursuant to the CWA, 33 U.S.C. § 1365(a)(2). This cause of action arises under 33 U.S.C § 1365 (f)(1) as a violation of 33 U.S.C. § 1311(a).

22. Defendants are in violation of the CWA by discharging pollutants without a NPDES permit. The requested relief is proper under the CWA, 33 U.S.C 1365(a).

23. Venue in the United States District Court for the District of Montana is proper under 33 U.S.C. § 1365 (c) because defendants are located in Big Sky, Montana, 59716, and are thus within this district.

24. As required by the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiffs provided Defendants with notice of its intent to sue more than sixty (60) days before filing this Complaint. Plaintiffs also notified the Administrator of the United States Environmental Protection Agency (EPA), and the Montana DEQ (MT DEQ) of its intent to sue.

## PARTIES

25. Plaintiff COTTONWOOD ENVIRONMENTAL LAW CENTER is a conservation organization dedicated to protecting the people, forests, water, and wildlife in the American West. Cottonwood members use the Gallatin River watershed for fishing, swimming, rafting, photography, guiding, and consumption.

26. Plaintiff GALLATIN WILDLIFE ASSOCIATION is an all volunteer conservation organization whose mission is to protect habitat and conserve fish and wildlife populations for our children and future generations. Gallatin Wildlife Association members use the Gallatin River watershed for fishing, swimming, rafting, photography, guiding, and consumption.

27. Plaintiffs use and enjoy the Gallatin River and its tributaries on a continuing and ongoing basis. Defendants' discharge of pollutants harms the Plaintiffs' aesthetic, recreational, conservation, and scientific interests. Members of the Plaintiff groups

have refrained from recreational activities on the Gallatin River after learning about Defendants' discharges.

28. Plaintiffs have devoted time, energy, and money to protecting water quality and fisheries, and monitoring the West Fork of the Gallatin River. Plaintiffs' members and supporters have suffered, and continue to suffer injury-in-fact on account of Defendant's CWA violations. The injury-in-fact is traceable to Defendant's conduct and would be redressed by the relief Plaintiffs seek.

29. Defendant Yellowstone Mountain Club, LLC is a 15,200-acre private residential, ski, and golf community located in the Big Sky area.

## LEGAL BACKGROUND

30. "Congress enacted the CWA in 1948 with the goal of *eliminating* the discharge of pollutants in order to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *N. Cheyenne Tribe v. Mont. Dept. of Envtl. Quality*, 2010 MT 302, ¶ 21, 356 Mont. 296, 302, 234 P.3d 51, 55 (2010) (emphasis in original) (citing 33 U.S.C. §1251(a)). "Congress developed the NPDES [National Pollution Discharge Elimination System] permit system to achieve this goal." *Id*; (citing 33 U.S.C. §§1342 and 1311).

31. The CWA requires a NPDES permit for each and every point source discharge into a navigable waterway. 33 U.S.C. § 1342. "[T]he discharge of any pollutant by any person shall be unlawful" unless the discharge is made pursuant to and is authorized by a NPDES permit. 33 U.S.C. §§ 1311(a) and 1342(a). "The

primary means for enforcing [water quality] limitations and standards is the NPDES [program]." *Arkansas v. Oklahoma*, 503 U.S. 91, 101-02 (1992).

32.   The CWA defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

33.   The CWA defines "point source" as a "discernable, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well … from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

34.   The CWA broadly defines a "pollutant" as "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

35.   The CWA defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

36.   The Environmental Protection Agency ("EPA") administers NPDES permits unless a state has enacted its own enforcement program, in which case EPA's Administrator ("Administrator") must have approved the state's program. 33 U.S.C. § 1342(a).  Montana has elected to administer its own permit program – the MPDES program – which is under the control of the DEQ. Mont. Code Ann. §§ 75-5-402, 75-5-211; A.R.M. 17.30.101, 17.30.1201. Once delegated to a state, the state "stands in

the shoes" of EPA, and states are obligated to implement all of the CWA's requirements for the NPDES program. *N. Cheyenne*, ¶ 37.

37. The citizen suit provision of the CWA authorizes "any citizen" to "commence a civil action on his own behalf" in federal district court against any person who is alleged to be in violation of "an effluent standard or limitation" of the Act. 33 U.S.C. § 1365(a).

## CLAIM FOR RELIEF

38. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

39. Defendants have violated and continue to violate section 301 of the Clean Water Act, 33 U.S.C. § 1311(a), by directly discharging pollutants, including Nitrite + Nitrate as N and Total Nitrogen, into the South Fork of the West Fork of the Gallatin River without an NPDES permit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

A. Declare, hold, and adjudge that Defendants have violated and continue to violate the Clean Water Act by directly discharging pollutants to navigable waters without an NPDES permit.

B. Enjoin Defendants from further discharging pollutants into the South Fork of the West Fork of the Gallatin and any other water of the United States except as

expressly authorized by the CWA and the limitations and conditions of an applicable NPDES Permit.

C. Enjoin Defendants from accepting any new sewer connections at their wastewater treatment plant until the violations have been remedied.

D.	Order Defendant to pay civil penalties, monitoring, and remediation costs.

E.	Award Plaintiff its reasonable litigation costs and expenses, including attorney and expert fees, incurred in bringing this action.

F.	Award such other relief as the Court may deem just and proper.

DATED this 9th day of December, 2020.

Respectfully Submitted,

> /s/ John Meyer
> JOHN MEYER, MT Bar # 11206
> Cottonwood Environmental Law Center
> P.O. Box 412
> Bozeman, MT 59771
> (406) 546-0149
> john@cottonwoodlaw.org
>
> *Counsel for Plaintiffs*