IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> YELLOWSTONE MOUNTAIN CLUB LLC; SPANISH PEAKS MOUNTAIN RESORT, <br><br> Defendants. | 2:21-cv-00093-BU-BMM <br><br><br> **CONSENT ORDER** |

Cottonwood Environmental Law Center and Gallatin Wildlife Association ("Plaintiffs") and Defendant Spanish Peaks Mountain Club ("Spanish Peaks") jointly have moved to dismiss Spanish Peaks from this lawsuit, subject to the terms and conditions contained in this Consent Order. (Doc. 60.)

Plaintiffs previously notified the Court that it could not enter judgment in this matter until 45 days after the Department of Justice and the Environmental Protection Agency received copies of the consent judgment, in this case the Joint Motion to Dismiss Spanish Peaks as a Defendant. (Doc. 62); (Doc. 60.) Plaintiffs informed the Court that this 45-day period would end on November 7, 2022. (Doc. 62.) Spanish Peaks now has submitted to the Court notice that United States does not object to the Court's entry of this Consent Order. (Doc. 66); (Doc. 65.) The Court

1

will grant the parties' Motion in light of the settlement of Plaintiffs' claims against Spanish Peaks.

Accordingly, **IT IS ORDERED** that the Joint Motion to Dismiss Spanish Peaks as a Defendant (Doc. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1) The Court has jurisdiction over Plaintiffs' claims against Defendant in this action.

2) This Order applies to and binds Plaintiffs, Defendant, and their successors-in-interest and assigns.

3) This Order effectuates a full and complete settlement and release of all the claims against Defendant in Plaintiffs' Amended Complaint (Doc. 20) and sixty- day notice letter (Doc. 41-1), and all other claims known and unknown that could be asserted under the Clean Water Act, 33 U.S.C. § 1251 et seq. ("CWA"), based on the factual allegations made in the Amended Complaint and sixty-day notice letter (the "Claims"). Enforcement of this Order is the Parties' exclusive remedy for any violation of its terms and conditions.

4) The Court has not adjudicated, and is not hereby adjudicating, Defendant's liability under Plaintiffs' Claims. This Order is not an admission of liability for Plaintiffs' Claims or any allegations made by Plaintiffs in this case, a resolution of any disputed questions of law or fact related to those Claims or

allegations, or evidence of any wrongdoing or misconduct on the part of Defendant.

5) Defendant is hereby dismissed from this lawsuit, subject to the following terms and conditions.

6) Defendant shall install a new liner at the Hole 10 Pond of Defendant's golf course by December 31, 2022. Defendant shall inform its contractor of the December 31, 2022 deadline no later than one week after the Parties file this Proposed Order. In the event weather or other conditions outside of Defendant's control prevent Defendant from complying with this deadline, Defendant may move the Court for an order extending the deadline.

7) Defendant shall limit future irrigation of its golf course with reclaimed wastewater to the agronomic uptake rate as determined by KC Harvey Environmental, LLC ("KC Harvey") and DEQ (up to 150 pounds of Total Nitrogen per acre, per year and 33.6 million gallons per year, based on Defendant's 2017 DEQ-approved nutrient management plan) for five years. DEQ, rather than Plaintiffs, will have the authority to enforce the foregoing term of this Order in the first instance. If Plaintiffs believe Defendant has irrigated with more than 33.6 million gallons per year in violation of this term of the Order, they may file a complaint with the Enforcement Program of DEQ. Only if DEQ declines to enforce, or if DEQ does not act on Plaintiffs'

complaint for six (6) months, may Plaintiffs enforce this term of the Order. In the event Plaintiffs seek to enforce this term of the Order, the prevailing party—whether it be Plaintiffs or Defendant—in that enforcement effort shall be awarded their reasonable attorneys' fees.

8) For five years, Defendant will submit electronic copies of an agronomic uptake analysis to DEQ annually and will copy Plaintiffs. Defendant shall provide Plaintiffs with a copy of the current DEQ-approved nutrient management plan for the golf course within fourteen (14) days of entry of this Order by the Court and any future plan that is approved for the golf course within fourteen (14) days of DEQ's approval.

9) Within fourteen (14) days of entry of this Order by the Court, Defendant shall make a payment in the amount of thirty-four thousand dollars ($34,000.00) to the Montana Bureau of Mines and Geology to study nutrient reduction and water conservation in the Big Sky area.

10) Defendant shall hire a consultant to develop a surface monitoring plan along the main river stem of the Middle Fork of the West Fork of the Gallatin River (upstream and downstream of the golf course) by December 2022. Defendant will report quarterly to DEQ and will submit a copy to Plaintiffs. DEQ will have enforcement authority with respect to this Paragraph 10 of the Order. Monitoring will continue for five (5) years.

11) While this Order remains in force, this case may be reopened without a filing fee so that Plaintiffs or Defendant may apply to the Court for any further order that may be necessary to enforce compliance with this Order or to resolve any dispute regarding the terms or conditions of this Order. In the event of a dispute regarding implementation of, or compliance with, this Order, Plaintiffs and Defendant must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. The provisions of CWA section 505(d), 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceeding seeking to enforce the terms and conditions of this Order, except as provided in Paragraph 7.

    Dated this 16th day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court